IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )         2:18cr283-MHT
                            )             (WO)
TONETTA RUTH HARDAWAY       )
```

**ORDER**

This case is before the court on defendant Tonetta Ruth Hardaway's motion to withdraw her guilty plea (doc. no. 231). The government has orally informed the court that it does not oppose the motion. As the government does not oppose the motion, and for the reasons set forth below, the court will grant Hardaway's motion.

Hardaway pled guilty to count one of a 13-count indictment, pursuant to a plea agreement with the government under Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. The agreement included a provision that allows Hardaway to withdraw her guilty plea in the event that the court "does not

accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A)." Plea Agreement (doc. no. 104) at para. 6. The United States Magistrate Judge accepted Hardaway's guilty plea. Later, at sentencing, Hardaway initially affirmed her guilty plea. However, when questioned by the court about the basis for her plea, the court was not satisfied that the conduct to which Hardaway admitted constituted the offense charged.[*] After reviewing the presentence report and giving the government an opportunity to respond, the court rejected the parties' plea agreement and stopped the sentencing. Hardaway now seeks to withdraw her guilty plea.

Federal Rule of Criminal Procedure 11(d) governs when a defendant may withdraw her guilty plea. Before

---

* Before accepting a defendant's guilty plea, "the court must determine that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3); that is, it must be presented with evidence from which it "could reasonably find that the defendant [is] guilty." *United States v. Owen*, 858 F.2d 1514, 1517 (11th Cir. 1988).

the court accepts the defendant's guilty plea, the defendant may withdraw the plea "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). Once the court has accepted a defendant's guilty plea, the defendant may still withdraw the plea before the sentence has been imposed under two circumstances. First, a defendant who pled guilty pursuant to "a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C)" may withdraw her plea if the court rejects the plea agreement. Fed. R. Crim. P. 11(c)(5); Fed. R. Crim. P. 11 (d)(2)(A). Alternatively, the defendant may withdraw her plea if she "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11 (d)(2)(B).

Here, the magistrate judge accepted Hardaway's guilty plea, so she must meet the requirements of Rule 11(d)(2)(A) or (B) in order to withdraw her plea. Because the court rejected the plea agreement containing terms provided for in Rule 11(c)(1)(A), the

court concludes that Hardaway is entitled to withdraw her guilty plea pursuant to Rule 11(d)(2)(A). This ruling applies both to the guilty plea entered before the United States Magistrate Judge and the plea entered at sentencing.

***

Accordingly, it is ORDERED that defendant Tonetta Ruth Hardaway's motion to withdraw her guilty plea (doc. no. 231) is granted.

DONE, this the 29th day of May, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**